IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRENCE KUEHL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV260 |
| | ) | |
| vs. | ) | ORDER |
| | ) | and |
| JEFFERSON PILOT FINANCIAL and | ) | FINDINGS AND |
| LINCOLN FINANCIAL GROUP, | ) | RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

    This matter comes before the court on the plaintiff's Motion for Remand (Filing No. 11) and Motion to Amend (Filing No. 21). The plaintiff argues remand in necessary because this court lacks diversity jurisdiction and seeks to amend the complaint to add allegations and correct the misnamed defendants. The motions are related and will be resolved together.

    The plaintiff filed a brief (Filing No. 12) and an index of evidence (Filing No. 13) in support of the Motion for Remand. The defendants filed a brief (Filing No. 16) and an index of evidence (Filing No. 17) in response to the Motion for Remand. The plaintiff filed a brief (Filing No. 20) in reply. The plaintiff attached to the Motion to Amend a draft of the proposed amended pleading (Filing No. 21-1) and filed a brief (Filing No. 22). The defendants filed a brief (Filing No. 24) and an index of evidence (Filing No. 25) in opposition to the Motion to Amend. The plaintiff filed a brief (Filing No. 26) and an index of evidence (Filing No. 27) in reply.

BACKGROUND

    The plaintiff's action arises from his purchase of a life insurance policy. **See** Filing No. 1 - Ex. 1 Complaint. The plaintiff alleges the following facts in the complaint. The plaintiff, a natural person, resides in Douglas County, Nebraska. *Id.* ¶ 1. The named defendants, Jefferson Pilot Financial and Lincoln Financial Group, are insurance companies who do business in Nebraska and issued an insurance policy for which the plaintiff was the owner and beneficiary. *Id.* ¶¶ 2-3. Mike C. Kuehl was the insured under the policy. *Id.* ¶ 3. Mike C. Kuehl died in February 2012. *Id.* ¶ 4. The defendants failed

to properly invoice the plaintiff, resulting in inadvertent non-payment of the insurance premium. *Id.* ¶¶ 5-6. The defendants also failed to provide proper notice to the plaintiff before terminating the insurance policy. *Id.* ¶¶ 7-8. Based on these alleged facts, the plaintiff asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, and bad faith. *Id.* at 3-4.

On July 30, 2012, the defendants removed this action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska. **See** [Filing No 1](#) - Notice of Removal. The defendants allege this action is removable pursuant to [28 U.S.C. § 1332(a)](#) because it involves a controversy for an amount in excess of $75,000 and the parties are citizens of different states. *Id.* at 1-2. Specifically, the unpaid life insurance benefits and other monetary relief sought exceed $250,000. *Id.* at 2. Additionally, the defendants argue the named defendants are misjoined and the proper party to the lawsuit is a citizen of a different state than the plaintiff. *Id.* at 1-2. The defendants have filed an answer to the complaint, denying liability. **See** [Filing No. 14](#).

On July 30, 2012, the plaintiff filed a motion to remand, arguing the defendants failed to comply with the procedural requirements for removal. **See** [Filing No. 2](#). On July 31, 2012, the plaintiff withdrew the July 30, 2012, motion. **See** [Filing No. 5](#). On August 29, 2012, the plaintiff filed the instant motion to remand, arguing this court lacks diversity jurisdiction because the entity Jefferson Pilot Financial Insurance Company was incorporated in Nebraska, although it later became inactive and merged with Lincoln Financial. **See** [Filing No. 12](#) - Brief p. 1.

The defendants oppose remand, arguing the plaintiff failed to name the proper party defendant. **See** [Filing No. 16](#) - Brief p. 1-2. Specifically, the defendant states the plaintiff's insurance policy was issued by Jefferson Pilot Life Insurance Company, who was not named as a party in this action. *Id.* at 1; Filing No. 17 - [Ex. A](#) Policy. Further, after merger, The Lincoln National Life Insurance Company, who was not named as a party in this action, unconditionally assumed all Jefferson Pilot Life Insurance Company's policy obligations. **See** [Filing No. 16](#) - Brief p. 1. Accordingly, the defendants contend The Lincoln National Life Insurance Company is the only real party in interest and only proper defendant. *Id.* at 1-2. The Lincoln National Life Insurance Company was incorporated and has its principal place of business in Indiana. **See** [Filing No. 1](#) - Notice of Removal p. 2.

In any event, the defendant states "[t]here has at no time been an entity known as 'Jefferson Pilot Financial'" or as "Lincoln Financial Group." *Id.*; **see** Filing No. 16 - Brief p. 2.  In sum, the defendants argue diversity is not destroyed by the former citizenship of an inactive corporation that was not named as a defendant, and which has no current legal obligation under the insurance policy at issue.  *Id.*

The plaintiff seeks to amend the complaint to accurately identify the two companies the plaintiff believes are the proper defendants in this action:  The Lincoln National Life Insurance Company and Jefferson Pilot Financial Insurance Company.  **See** Filing No. 21 - Motion to amend; Filing No. 26 - Reply p. 1.  The defendants do not oppose the plaintiff's motion to amend "to the extent it seeks leave to file an amended pleading that names 'The Lincoln National Life Insurance Company' as the sole defendant, or to make the factual clarifications contained in the proposed pleading (though many are not accurate)."  **See** Filing No. 24 - Response p. 1.  The defendants argue, however, any claims against Jefferson Pilot Financial Insurance Company are legally futile.  *Id.*

For the reasons set forth below, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied.[1]

---

[1] The court is entering this Findings and Recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand.  **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008), *Stefanik v. City of Holyoke*, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge).  In *Vogel*, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion.  Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss.  The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517.  **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A).  On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases).  The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

## ANALYSIS

The court must look to federal statute to determine if an action was properly removed to federal court. The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Absent a federal question, as in the case at bar, the court must determine whether diversity of the parties exists in order to confer federal jurisdiction. See 28 U.S.C. § 1332(a).

The United States District Court has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). This type of subject matter jurisdiction is known as diversity jurisdiction. The plaintiff need not bring the motion to remand based on lack of subject matter jurisdiction within thirty days of filing the notice of removal. See *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). Under the removal statute: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is no question the amount in controversy exceeds the $75,000 statutory requirement. The parties dispute whether complete diversity exists.

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).

4

The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); *Keene Corp. v. United States*, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 834 (8th Cir. 2005) (noting a court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged'"). Therefore, "jurisdictional facts must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time." *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 948 (D. Minn. 1999) (**citing** *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting** *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))). Moreover, "an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999).

"[F]raudulent joinder [is] an exception to the complete diversity rule." *In re Prempro Prods.*, 591 F.3d at 620. Fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). The court requires "a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 980 (**quoting** *Filla*, 336 F.3d at 810); **see** *Murphy v. Aurora Loan Servs. LLC*, No. 12-1398, slip op. at 3 (8th Cir. Nov. 8, 2012)  "Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (**quoting** *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)); **see** *Murphy*, No. 12-1398, slip op. at 5. A defendant's burden is greater than merely proving a plaintiff's claim should be dismissed under Rule 12(b)(6). *Block*, 665 F.3d at 948; **see** *Junk*, 628 F.3d at 445 (noting Rule 12(b)(6) standard is "more demanding" where a plaintiff's claim must be plausible on its face). This is because "[a]ll doubts arising from defective, ambiguous and inartful pleadings [in a removed case] should be resolved in favor of the retention of state court

5

jurisdiction." *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (second alteration in original) (**quoting** *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957))).

In this case, the plaintiff admits the original "complaint does not accurately identity the two companies that plaintiff believes are the proper defendants in this action." **See** Filing No. 22 - Brief p. 1. The parties do not dispute one of the misnamed defendants should be The Lincoln National Life Insurance Company. **See** Filing No. 24 - Response p. 1; Filing No. 26 - Reply p. 1. The amendment changing the party's name relates back to the date of the original pleading. **See** Fed. R. Civ. P. 15(c)(1)(C). The Lincoln National Life Insurance Company was incorporated and has its principal place of business in Indiana. **See** Filing No. 1 - Notice of Removal p. 2. Accordingly, The Lincoln National Life Insurance Company is diverse from the plaintiff.

The parties dispute the impact of a second defendant on diversity jurisdiction. The plaintiff acknowledges "Jefferson Pilot Financial" is not a proper defendant in this case. **See** Filing No. 22 - Brief p. 1. Because Jefferson Pilot Financial is not a proper defendant in this action there can be no dispute no arguably reasonable basis exists for predicting state law might impose liability based upon the facts involved. Accordingly, Jefferson Pilot Financial was erroneously joined and its citizenship cannot be relied upon to destroy diversity. Assuming the plaintiff may amend the complaint, as requested, to change the misnamed defendant, the court will assess the addition of Jefferson Pilot Financial Insurance Company for purposes of diversity jurisdiction.

Jefferson Pilot Life Insurance Company issued the plaintiff's insurance policy on April 13, 2006. **See** Filing No. 17 - Ex. A p. 1 Policy. The plaintiff does not seek to add Jefferson Pilot Life Insurance Company as a defendant. The application for insurance dated March 15, 2006, has a header reading, "Jefferson Pilot Financial." *Id.* at 22 Application. Additionally, the top of the document states, "Please check appropriate underwriting company: Jefferson-Pilot Life Insurance Company [or] . . . Jefferson Pilot Financial Insurance Company." *Id.* Neither of the two boxes are checked. The plaintiff suggests Jefferson-Pilot Life Insurance Company was a division of Jefferson Pilot Financial Insurance Company at the time the policy was issued. **See** Filing No. 26 - Brief p. 2.

6

On May 1, 2007, Jefferson Pilot Financial Insurance Company, a corporation incorporated in Nebraska, became inactive. **See** Filing No. 13-1 Ex. A. Effective July 2, 2007, Jefferson Pilot Financial Insurance Company merged into The Lincoln National Life Insurance Company, a foreign corporation domiciled in Indiana. *Id.*; Filing No. 25-2 Articles of Merger. The Articles of Merger filed with the Nebraska Secretary of State in connection with the transaction provide that upon the effective date of the merger, "the separate existence of the Merged Companies shall cease" and "the Surviving Company shall thenceforth be responsible and liable for all the liabilities, obligations and penalties" of the merged company. *Id.* at 4, 5. The surviving company was The Lincoln National Life Insurance Company. *Id.* at 1. Similar to the contractual language, Nebraska law confirms that following a merger, "the separate existence of every corporation except the surviving corporation shall cease" and "the surviving corporation shall have all liabilities of each corporation party to the merger." Neb. Rev. Stat. § 21-20,133(1)(a), (c).

In reliance upon the merger, the plaintiff's initial complaint alleges Lincoln Financial Group is Jefferson Pilot Financial's successor. **See** Filing No. 1-1 Complaint ¶ 2. Similarly, the proposed amended complaint alleges that "[i]n 2007, Jefferson Pilot merged with Lincoln National . . . [who] continues to do business in Nebraska." **See** Filing No. 21-1 Proposed First Amended Complaint ¶ 2.

The plaintiff argues he feels compelled to name Jefferson Pilot Financial Insurance Company due to the notice issues involved in this case. **See** Filing No. 20 - Reply p. 1-2. Specifically, the insurance policy was issued prior to the merger and the allegations involve conduct or failures to act prior to or at the time of the merger. *Id.* Additionally, the plaintiff argues despite merger, the merging entity, if operating as a division of the parent corporation, may still be considered to be a citizen of the state where it is doing business. *Id.* at 3 (**citing** *Jackson v. Tenn. Valley Auth.*, 462 F. Supp. 45, 49 (M.D. Tenn. 1978)).

Jefferson Pilot Financial Insurance Company's citizenship does not destroy diversity. The parties do not dispute The Lincoln National Life Insurance Company conducts business in Nebraska and other states. Further, the plaintiff does not dispute The Lincoln National Life Insurance Company's principal place of business is in Indiana. Further, the court need not evaluate Jefferson Pilot Financial Insurance Company's citizenship because it is not a party to this action. Jefferson Pilot Financial Insurance Company did not issue

the relevant policy.  Nor is there any evidence in the record the issuer of the policy merged into or was a division of Jefferson Pilot Financial Insurance Company.  In any event, if Jefferson Pilot Financial Insurance Company were named as a defendant, its presence would be as a nominal party.  Based on the Articles of Merger and Nebraska merger law, effective July 2, 2007, the separate existence of Jefferson Pilot Financial Insurance Company ceased and The Lincoln National Life Insurance Company assumed all liabilities of each corporation party to the merger.  Because Jefferson Pilot Financial Insurance Company is not a proper defendant in this action there can be no dispute no arguably reasonable basis exists for predicting  state law might impose liability based upon the facts involved.  Accordingly, Jefferson Pilot Financial Insurance Company would be erroneously joined and its citizenship cannot be relied upon to destroy diversity.  For the same reasons, the plaintiff's motion to amend the complaint to add Jefferson Pilot Financial Insurance Company as a defendant is denied as futile.  **See** Fed. R. Civ. P. 15(a); ***Amrine v. Brooks***, 522 F.3d 823, 833 (8th Cir. 2008) (noting "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party"); **see also** *Briscoe v. County of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012).

   Based on the merger and assumption of liabilities, any remaining issues about the timing of the policy's issuance, in relation to the merger, or when or which company failed to provide proper notices to the plaintiff does not require Jefferson Pilot Financial Insurance Company to remain a party to this case.  Similarly, the plaintiff's concern a later court may find Jefferson Pilot Financial Insurance Company's citizenship defeat jurisdiction and his reliance on *Jackson* is unavailing.  The *Jackson* court noted the merged corporation had been incorporated in Illinois prior to the merger with a Delaware corporation.  *Jackson*, 462 F. Supp. at 49.  Nevertheless, a corporation is a citizen of its state of incorporation *and* the state where its business is principally conducted.  28 U.S.C. § 1332(c)(1).  In determining the corporation's principal place of business, the *Jackson* court determined that after the merger a substantial portion of the *parent corporation's* business was in Illinois.  *Jackson*, 462 F. Supp. at 49.  The court did not merely rely on whether the merged entity still conducted business in its state of incorporation as a division of the parent corporation.

Based on the facts of this case and the attending case law, jurisdiction appears proper in United States District Court.  Therefore, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied.  Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Amend ([Filing No. 21](#)) is denied to the extent the plaintiff seeks to add Jefferson Pilot Financial Insurance Company as a defendant and granted in all other respects.  The plaintiff shall have to **on or before November 21, 2012**, to file the amended complaint.

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion for Remand ([Filing No. 11](#)) be denied.

**ADMONITION**

Pursuant to [NECivR 72.2](#) any objection to this Order or Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendation.  Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 8th day of November, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.