IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRENCE KUEHL | ) | |
| | ) | 8:12-CV-00260 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | SECOND AMENDED COMPLAINT |
| THE LINCOLN NATIONAL LIFE INSURANCE CO., an Indiana Corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff and for his cause of action against the Defendants to allege and state as follows:

1. Plaintiff Terence Kuehl is a natural person residing in Douglas County, Nebraska.

2. Jefferson Pilot Financial Insurance Co., (hereafter "Jefferson Pilot") is an inactive Nebraska Corporation which issued the insurance policy at issue in this action. The insurance policy, No. JF-5541717 was initially effective on April 13, 2006. In July, 2007, Defendant The Lincoln National Life Insurance Co., (hereafter "Lincoln National") merged with Jefferson Pilot. Lincoln National is an Indiana Corporation with its principal place of doing business in Ft. Wayne, Indiana and is the successor in interest to Jefferson Pilot. Lincoln National continues to do business in Nebraska.

3. Mike C. Kuehl was an insured on a policy owned by Terence Kuehl. Terence Kuehl was the beneficiary of said policy, which was duly issued by Defendant Jefferson Pilot.

4. An insured event resulting in the loss of life of the insured, Mike C. Kuehl, occurred in February, 2012.

5. A claim was made under the policy following the death of the insured and Lincoln National refused the claim, alleging that the policy had lapsed for non-payment of premiums some time in 2007.

6. Plaintiff never received notices required by the insurance policy to be given prior to termination of the policy for lack of payment of premium.

7. Plaintiff made a tender of payment of all premiums to Lincoln National.

8. Pursuant to the terms of the policy, Defendant was to invoice the owner of the policy when payments were due. Invoices and other notices were not sent as required by the policy, resulting in an alleged non-payment of premium.

9. The alleged non-payment of premium was inadvertent, unintentional, and would not have occurred but for the Defendant's failure to send invoices for the policy.

10. The contract of insurance expressly provided that should any premiums not be paid as due, there was to be a default notice and a cure period so that the owner of the policy could maintain the same policy of insurance.  The insurance contract provided, to wit, "We will notify YOU and any assignee of the minimum amount due at least 30 days before the end of the grace period. If the amount specified is not paid within the grace period, this policy will terminate without value at the end of such period."

11. Defendants failed to give notice of any default and failed to give notice when the policy passed into its grace period.  In the event such notice had been given, Plaintiff would have promptly paid the required premiums to maintain the policy.

12. Plaintiff has other policies with the subject company for which he received invoices as required by the policy.  Plaintiff paid all invoices for insurance premiums which he received.

13. Plaintiff had the means to pay any premium charge on this policy that had been invoiced and would have paid the same in accordance with the terms of the policy.

14. This was a variable-life policy with cash values, which kept the policy in effect for a time after Plaintiff failed to pay the premiums which he was not invoiced for.

15. Plaintiff has been damaged by the Defendant's failure to act in accordance with the terms of the insurance policy

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

16. All forgoing paragraphs shall hereby be incorporated by reference.

17. The Plaintiff entered into a contract of insurance with Defendant.

18. The contract of insurance provided that Defendant would make a payment of $250,000 in the event of loss of life of the insured, Mike C. Kuehl.

19. Mike C. Kuehl lost his life in February of 2012.

20. Plaintiff made a claim under the policy and made a tender of all amounts due as premiums.

21. Plaintiff has fulfilled all his duties pursuant to the contract of insurance and met all conditions.

22. Defendant has breached the Agreement, refusing to render payment owed.

23. Defendant has failed to comply with the express terms of the contract of insurance and, therefore, have breached the contractual duty owed to Plaintiff.

## SECOND CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24. The forgoing paragraphs shall hereby be incorporated by reference.

25. Defendant had a duty to, in good faith, perform all duties and obligations under the Agreement.

26. Defendant had a duty to provide specific notices to Plaintiff before the policy would lapse. Defendant failed to follow the terms of the contract of insurance. Defendant has now refused to honor the terms of the Agreement.

27. To the extent any condition precedent to the performance required by the Defendant has failed, the failure of that condition is a direct result of action or inaction by Defendant and such condition cannot be asserted as a defense to Defendant's duties under the contract of insurance.

28. As a direct and proximate result of Defendant's action or inaction, the Plaintiff's rights under the Agreement have been breached.

29. Defendant has failed to make all attempts to fulfill its duties under the contract of insurance in violation of the duty of good faith and fair dealing and, as a result, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION

## BAD FAITH

30. The forgoing recitals are incorporated by reference.

31. Defendant has admitted that it cannot find evidence of all notices required by the terms of the contract of insurance as a condition precedent to Defendant's authority to allow the policy to lapse.

32. Despite the lack of evidence showing that all necessary notices were sent to Plaintiff, Defendant has failed and refused to accept a tender of premiums and pay the proceeds of the policy to Plaintiff.

33. Defendant's actions evidence malice, gross negligence, and reckless disregard for Plaintiff's rights under the insurance Agreement.

34. The actions of the Insurer are in Bad faith, resulting in a negligent and intentional imposition of emotional distress to the plaintiff and causing unnecessary costs in fees and otherwise.

35. As a result of Defendant's bad faith practices, bad faith denial of Plaintiff's claims, and failure to honor its obligations under his insurance policy, Plaintiff has suffered and will continue to suffer economic loss.

36. As a result of Defendant's bad faith practices, bad faith denial of Plaintiff's claims, and failure to honor its obligations under his insurance policy, Plaintiff has incurred legal fees and costs.

WHEREFORE, the Plaintiff prays for a judgment against Defendant for general and special damages both present and future, in an amount to be proven at trial as follows:

A. Money damages in at least the amount of $250,000, which is the amount of the insurance proceeds which became due upon the death of Mike Kuehl, which occurred in February of 2012;

B. Interest at the prejudgment rate on such sum from the date the proceeds should have been paid;

C. Costs of the suit;

D. Attorneys' fees as provided for in Chapter 44 and otherwise in the Statutes and common law of Nebraska;

E. Monetary damages for emotional distress; and

F. Such other relief as may be just, necessary, fair and equitable.

                        Respectfully submitted,

                        TERENCE KUEHL, Plaintiff,

By:       /s/ Diana J. Vogt
        James D. Sherrets #15756
        Diana J. Vogt, #19387
        Robert S. Sherrets #24791
        SHERRETS BRUNO & VOGT LLC
        260 Regency Parkway Drive, #200
        Omaha, NE  68114
        Tele:  (402) 390-1112
        Fax:   (402) 390-1163
        law@sherrets.com
        ATTORNEYS FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2012, I filed a true and correct copy of this document with the United States District Court for the District of Nebraska, using the EC/CMF electronic filing system, which will electronically serve a copy on all parties registered with this Court for electronic service.  I further certify that I am aware of no parties who are not registered with the electronic filing service.

                        /s/ Diana J. Vogt