IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE KUEHL,<br><br>          Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE CO.,<br><br>          Defendant. | 8:12CV260<br><br>ORDER |

      This matter is before the court on two motions. The plaintiff, Terrence Kuehl (Kuehl), filed a Motion for Leave to Designate Expert Witness (Filing No. 46) with a brief (Filing No. 47) in support. In response, the defendant, Lincoln National Life Insurance Co. (Lincoln National), filed a Motion to Strike Plaintiff's Designation of Expert Witness (Filing No. 52) with a brief (Filing No. 54) and index of evidence (Filing No. 53) in support.

## BACKGROUND

      Kuehl's action arises from his purchase of a life insurance policy. **See** Filing No. 33 - First Amended Complaint. On or about April 13, 2006, Jefferson Pilot Financial Insurance Co. (Jefferson Pilot) issued an insurance policy for which Kuehl was the owner and beneficiary. *Id.* ¶¶ 2-3. Jefferson Pilot subsequently merged with Lincoln National in July 2007. *Id.* ¶ 3. Mike C. Kuehl was the insured under the policy. *Id.* ¶ 3. Mike C. Kuehl died in February 2012. *Id.* ¶ 4. Kuehl made a claim under the policy which Lincoln National, on behalf of Jefferson Pilot, denied alleging the policy lapsed for non-payment of premiums. *Id.* ¶ 5. Kuehl alleges Lincoln National failed to properly invoice Kuehl, resulting in inadvertent non-payment of the insurance premium. *Id.* ¶ 8-9. Kuehl also alleges Lincoln National failed to provide proper notice to Kuehl before terminating the insurance policy. *Id.* ¶ 6. Based on these alleged facts, Kuehl asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, and bad faith. *Id.* at 3-4.

On January 10, 2013, the court entered an Order Setting Final Schedule for Progression of Case. See [Filing No. 41](#) - Order. The court established the following deadlines: summary judgment motions were to be filed no later than June 3, 2013; Kuehl had until April 30, 2013, to disclose expert witnesses; Lincoln National had until May 24, 2013, to disclose expert witnesses; and Kuehl had until June 12, 2013, to disclose rebuttal expert witnesses. See *id.* ¶¶ 1, 3. In an Amended Order Setting Final Schedule for Progression of Case, the court extended the deadline to submit summary judgment motions to July 26, 2013. See [Filing No. 44](#) - Amended Order ¶ 1. The court also extended to deadline to disclose expert witnesses as follows: May 30, 2013, for Kuehl; June 27, 2013, for Lincoln National; and July 12, 2013, for Kuehl's rebuttal experts. See *id.* ¶ 2.

Prior to the May 30, 2013, deadline, the parties discussed Kuehl's use of an expert witness. See [Filing No. 47](#) - Brief p. 1. Kuehl's counsel represented to Lincoln National the expert could be deposed on June 19, 2013. *Id.* On May 13, 2013, one of Kuehl's counsel had an emergency appendectomy. *Id.* Kuehl did not disclose the expert witness by May 30, 2013, and did not request an extension. See [Filing No. 54](#) - Response p. 1. Kuehl's counsel believed Lincoln National's counsel agreed to allow Kuehl to designate the expert witness out of time. See [Filing No. 47](#) - Brief p. 1-2. On June 10, 2013, Kuehl's counsel contacted Lincoln National's counsel regarding disclosure of an expert witness. *Id.* Lincoln National's counsel informed Kuehl's counsel that Lincoln National presumed Kuehl decided not to use an expert witness. See [Filing No. 47](#) - Brief p. 1-2; [Filing No. 54](#) - Response p. 1-2.

On June 11, 2013, Kuehl designated Mark Magistretti (Magistretti) as an expert. See [Filing No. 45](#) - Designation of Expert. Kuehl briefly explained Magistretti would testify about how the United States Postal Service handles misaddressed mail. *Id.* Also, on June 11, 2013, Kuehl filed the instant Motion for Leave to Designate Expert Witness. See [Filing No. 46](#) - Kuehl's Motion. Kuehl seeks leave to designate Magistretti out of time due to Kuehl's counsel's unforeseen emergency surgery and a misunderstanding that Lincoln National agreed to extend the deadline to disclose an expert witness until the deposition scheduled for June 19, 2013. See [Filing No. 47](#) - Brief p. 2.

In response, Lincoln National filed its Motion to Strike Plaintiff's Designation of Expert Witness.  **See** Filing No. 52 - Lincoln National's Motion.  Lincoln National argues the designation is untimely and Kuehl did not provide a signed report describing Magistretti's opinions or other information required by Fed. R. Civ. P. 26(a)(2)(B).  **See** Filing No. 54 - Response p. 2-3.  Lincoln National argues it cannot effectively defend its interests without the report, including deposing Magistretti.  *Id.*  Lincoln National also contends Kuehl had sufficient time prior to the deadline to request an extension.  *Id.*  If Kuehl's motion is granted, Lincoln National moves for an extension of Lincoln National's deadline to disclose an expert witness and the summary judgment deadline.  *Id.* at 3-4.

## ANALYSIS

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37.  Kuehl's late disclosure was due to a medical emergency and misunderstanding.  There is no evidence Kuehl acted in bad faith.  Additionally, Lincoln National will not suffer undue prejudice.  The court will extend the appropriate deadlines to allow Lincoln National sufficient time to disclose its own expert witness and file a summary judgment motion, if necessary.  Therefore, the court will allow Kuehl's late disclosure of Magistretti.  However, Kuehl's disclosure is deficient in that it does not fully comply with Fed. R. Civ. P. 26(a)(2)(B).  Accordingly,

**IT IS ORDERED**:

1.The plaintiff's Motion for Leave to Designate Expert Witness (Filing No. 46) is granted.  The plaintiff shall have until **July 15, 2013**, to provide a complete report as required by Fed. R. Civ. P. 26(a)(2)(B).

2.The defendant's Motion to Strike Plaintiff's Designation of Expert Witness (Filing No. 52) is granted in part and denied in part.  The defendant shall have until **August 7, 2013,** to disclose an expert witness and provide a report as required by Fed. R. Civ. P. 26(a)(2).  The motion is denied in all other respects.

3. Motions for summary judgment shall be filed not later than **August 14, 2013**. All other deadlines remain as scheduled. **See** Filing Nos. [41](#) and [44](#).

Dated this 8th day of July, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge